1  XAVIER BECERRA
   Attorney General of California
2  PAUL STEIN
   Supervising Deputy Attorney General
3  JAY C. RUSSELL, State Bar No. 122626
   CHAD A. STEGEMAN, State Bar No. 225745
4  Deputy Attorney General
     455 Golden Gate Ave., Ste. 11000
5    San Francisco, CA  94102-7004
     Telephone:  (415) 510-3624
6    Fax:  (415) 703-5843
     E-mail:  Chad.Stegeman@doj.ca.gov
7  *Attorneys for Defendant Alex Padilla, in his
   official capacity as the Secretary of the State
8  of California*

9           IN THE UNITED STATES DISTRICT COURT

10          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| **ROQUE ROCKY DE LA FUENTE,** | 3:19-cv-1433-WQH-AG |
|---|---|
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO TRANSFER VENUE [28 U.S.C. § 1404(a)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| v. | |
| **ALEX PADILLA,** | |
| Defendant. | Date:  September 10, 2019<br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |
| | Judge:  Hon. William Q. Hayes<br>Trial Date:  Not Set<br>Action Filed:       7/30/2019 |

1  PLEASE TAKE NOTICE THAT on September 10, 2019, or as soon
2  thereafter as this matter may be heard, Defendant Alex Padilla, California Secretary
3  of State, will and does move the Court under 28 U.S.C. § 1404(a), and Civil Local
4  Rule 7.1, for an order transferring venue to the Eastern District of California.

5  This motion is brought under 28 U.S.C. § 1404(a) on the ground that four
6  other cases that are based on the same operative set of facts as those alleged in this
7  action are pending in the Eastern District of California, and the interests of justice,
8  and the convenience of parties and witnesses, support transfer to a district in which
9  this civil action could have been originally brought.

10  This motion is based upon this notice of motion and accompanying
11  memorandum of points and authorities, the supporting declaration of Jay C.
12  Russell, the file in this matter, and on such other evidence that the Court may
13  consider.

Dated: August 13, 2019                     Respectfully submitted,

XAVIER BECERRA
Attorney General of California
PAUL STEIN
Supervising Deputy Attorney General

*/s/ Chad A. Stegeman*
CHAD A. STEGEMAN
Deputy Attorney General
*Attorneys for Defendant Alex Padilla, in his official capacity as the Secretary of the State of California*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This lawsuit addresses matters of statewide and national importance – presidential primary ballot access issues. Since the passage of the Presidential Tax Transparency and Accountability Act (the Act), multiple lawsuits have been filed, with four federal suits venued in the United States District Court for the Eastern District of California. This includes suits by current president Donald Trump and the National Republican Committee. Three of four Eastern District plaintiff groups have filed motions for preliminary injunctions to enjoin the Act. Plaintiff's suit here should be considered along with the others, before the same court, to avoid inconsistencies that might arise from different courts considering the same set of operative facts. Accordingly, and to ensure the timely and efficient resolution of Plaintiff De La Fuente's motion for preliminary injunction, this case should be transferred to the Eastern District of California in the interests of justice, judicial economy, and for the convenience of the parties.

## II. STATEMENT OF RELEVANT FACTS.

On July 30, 2019, Plaintiff Roque De La Fuente filed his complaint in this action, challenging the California Legislature's passage of the Act codified at California Elections Code sections 6882-6884. (Russell Decl. ¶ 2.) Defendant Alex Padilla was served with the summons and complaint shortly thereafter. (*Id.*) On August 5, 2019, Plaintiff De La Fuente filed a motion for preliminary injunction, which is currently set for hearing on September 17. (ECF Nos. 6, 9.)

Four other actions challenging the Act and Elections Code sections 6882-6884 have been filed in the Eastern District of California. *Griffin v. Padilla*, E.D. Cal. No. 2:19-cv-1477, was filed August 2, 2019, and *Koenig v. Padilla*, E.D. Cal. No. 2:19-cv-1507, *Trump v. Padilla*, E.D. Cal. No. 2:19-cv-1501, and *Melendez v. Newsom*, E.D. Cal. No. 2:19-cv-1506 were filed August 6, 2019. (Russell Decl. ¶

4.) On August 9, 2019, the four Eastern District actions were related before one judge, the Honorable Morrison C. England, Jr. (*Id.*) The plaintiffs in three of the actions have filed motions for preliminary injunctions. (*Id.*) Defendant Padilla filed a Notice of Related Cases in this action on August 8. (ECF No. 10.) On August 12, the Court indicated it would not sua sponte transfer the case and invited any party seeking transfer to file a motion. (ECF No. 12.)

The instant matter and the four cases venued in the Eastern District are all based on the same operative set of facts and allegations, namely, the plaintiffs assert that the Act is unconstitutional. For the convenience of parties and witnesses, and in the interest of justice, the instant matter should be transferred to the Eastern District of California.[1]

## III. THE COURT SHOULD TRANSFER THIS CASE TO THE EASTERN DISTRICT.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have originally been brought." 28 U.S.C. § 1404(a). A district court has broad discretion to grant a transfer under this statute. *See, e.g., Sparling v. Hoffman Construction Co.*, 864 F.2d 635, 639 (9th Cir. 1988).

A court will consider various factors in deciding whether to transfer venue under to § 1404(a), including: 1) a plaintiff's choice of forum; 2) the convenience to the parties; 3) convenience to the witnesses; 4) location of books and records; 5) which forum's law applies; (6) the interests of justice; and (7) administrative considerations. *Allstar Marketing Group, LLC v. Your Store Online LLC*, 666 F.Supp.2d 1109, 1130 (C.D. Cal. 2009).

First, this action could have been brought in the Eastern District, where the

---

[1] Simultaneous to the filing of this motion, Defendant is filing an *ex parte* application for an order shortening time for briefing on this motion. Plaintiff refused Defendant's request voluntarily to transfer the matter (Russell Decl. ¶ 6), but this Court's consideration of this motion on an expedited basis is more likely to result in Plaintiff's preliminary injunction motion being heard on the same schedule as the other motions in the Eastern District, in the event of a transfer.

four similar actions were brought. The Secretary of State's headquarters is located there. 28 U.S.C. § 1391(b)(1). Additionally, a substantial part of the events occurred in the Eastern District because the California Legislature and California Governor drafted the legislation and signed it into law in Sacramento. 28 U.S.C. § 1391(b)(2). Plaintiff could have brought this action in the Eastern District, qualifying it for transfer under 28 U.S.C. § 1404(a).

Second, the parties' convenience favors a transfer to the Eastern District, where it can be related to (and potentially consolidated with) the other four pending similar cases.[2] The Secretary of State is located in Sacramento, within the Eastern District. Moreover, the various parties associated with the same subject matter can participate in one forum instead of intervening in this action and traveling to two courts.

Finally, the interests of justice also favor the transfer to the Eastern District. As noted previously, four other cases with the same or similar claims have been filed and related there: *Griffin v. Padilla* (claims under the Presidential Qualifications Clause, First Amendment(association), Equal Protection Clause); *Trump v. Padilla*, *et al.* (Qualifications Clause, Elections Clause, First Amendment (unconstitutional ballot access), First Amendment (retaliation), and preemption); *Koenig v. Newsom, et al*. (Qualifications Clause, First Amendment (association), Elections Clause); and *Melendez v. Newsom*, *et al*. (Qualifications Clause, First Amendment (association), Equal Protection Clause, Privileges and Immunities Clause, and First and Fourteenth Amendment (free speech and right to vote)). The Honorable Morrison C. England, Jr. is presiding over all four cases, and plaintiffs in three of the matters have filed motions for preliminary injunction, which will be considered and heard together on September 19, 2019. (Russell Decl. ¶ 5.)

Plaintiff here brings very similar claims concerning violations of the Presidential Qualifications Clause, preemption under the Supremacy Clause, First

---

[2] Plaintiffs' motion to consolidate the cases is pending in *Koenig v. Newsom.*

Amendment (right of association), First and Fourteenth Amendment (rights against unconstitutional ballot access requirements), and the First Amendment (prohibition against compelled speech).  (*See generally* Compl.)  He has also filed a motion for preliminary injunction, which is set for hearing on September 17.  (ECF Nos. 6, 9.)  To conserve judicial resources and to avoid inconsistent decisions, in the interests of justice, the same court should hear and make decisions concerning the constitutionality of the Act.

## CONCLUSION

The convenience of the parties and the interests of justice favor transferring this case to the Eastern District of California, where it can be related to the other similar pending cases.  Accordingly, the Court should order this case transferred to the Eastern District under 28 U.S.C. § 1404(a).

Dated:  August 13, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
PAUL STEIN
Supervising Deputy Attorney General

*/ s / Chad A. Stegeman*
CHAD A. STEGEMAN
Deputy Attorney General
*Attorneys for Defendant Alex Padilla, in his official capacity as the Secretary of the State of California*

SA2019102656;
Mot transfer CAS.docx