1
2
3
4
5

Morgan J. C. Scudi (SBN 147942)
Scudi & Ayers
5440 Morehouse Drive
Suite #4400
San Diego, CA  92121
Phone:  858.558.1001
Fax:     858.558.1122
mscudi@scudilaw.com

6
7
8
9

Paul A. Rossi (PA Bar I.D. #84947)
Law Office of Paul A. Rossi
316 Hill Street
Mountville, PA  17554
Phone:  717.681.8344
Paul-Rossi@comcast.net

10
11
12

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 13 ROQUE ROCKY DE LA FUENTE, <br><br> 14 Plaintiff, <br><br> 15 vs. <br><br> 16 ALEX PADILLA, <br><br> 17 Defendant | Case No.: 3:19-CV-01433-WQH-AHG <br><br><br> PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE <br> Date:  September 10, 2019 <br> **NO ORAL ARGUMENT** <br> **UNLESS REQUESTED BY** <br> **THE COURT** <br><br> Judge:  Hon. William Q. Hayes <br> Trial Date:  Not Set <br> Action Filed:  July 30, 2019 |

18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO TRANSFER VENUE - 1

Plaintiff Roque Rocky De La Fuente (hereinafter "Plaintiff") hereby opposes Defendant Alex Padilla's (hereinafter "Defendant") motion to transfer venue from this Court to the United States District Court for the Eastern District of California. Defendant's motion is without merit, and Defendant has failed to demonstrate in his very short brief that Defendant has carried the burden of showing a strong inconvenience to Defendant sufficient to warrant upsetting Plaintiff's chosen forum in his home judicial district. Accordingly, Defendant's motion should be denied.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Under the first-to-file doctrine, this Court should deny Defendant's pending motion because Plaintiff filed this action before any of the related actions were filed in the Eastern District. Defendant should have filed the pending motion in the Eastern District to transfer those cases to the Southern District for consolidation. Defendant's motion should also be denied because Defendant's brief fails to establish a strong showing of inconvenience sufficient to warrant upsetting Plaintiff's choice of forum in the Southern District. In fact, consideration of all relevant factors show that the balance of inconvenience strongly weighs in favor of Plaintiff's chosen home forum in the Southern District. Accordingly, Defendant's instant motion should be denied.

## ARGUMENT

**A.    The First-to-File Doctrine Militates in Favor Against Defendant's Motion to Transfer Venue to the Eastern District**

In *Pacesetter Systems Inc., v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir. 1982) the Ninth Circuit Court of Appeals explained that "[t]here is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *Pacesetter*

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE - 2

*Systems, Inc.*, 678 F.2d at 94-95.  "This doctrine, known as the first-to-file rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction. *In re Ferrero Litig*., 768 F. Supp. 2d 1074, 1081-82 (S.D. Cal. 2011).  This Court in *In re Ferrero Litig*., when considering a motion to transfer an action which was first filed in the Southern District to the New Jersey District Court noted that "Defendant fails to note that the New Jersey action could be consolidated with this case" which was the first-to-file in the Southern District of California.  *Id*. at 1081.

While discretionary, the rule's substantial benefits to the parties and the judiciary "should not be disregarded lightly."  *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979).  In applying the first-to-file rule, courts examine three factors: (1) the filing dates of the related cases; (2) the similarity of the parties; and (3) the similarity of the issues.  *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994).  "Exact parallelism between the two actions need not exist; it is enough if the. . .actions are substantially similar."  *Alioto v. Hoiles*, 2004 WL 2326367, at *5 (N.D. Cal. Oct. 12, 2004).  The parties agree that the cases pending in the Eastern District are substantially similar. Accordingly, the first-to-file doctrine should be applied to this action to deny Defendant's instant motion to transfer this action to the Eastern District, where all of the cases pending in that district were filed subsequent to this action.

**B.      Defendant Fails to Meet the Legal Standard Governing Motions to Transfer Venue Under 28 U.S.C. § 1404(a)**

**1.      Legal Standard**

A district court may transfer any civil action to any other district or division where it might have been brought "for the convenience of parties and witnesses" and "in the interest of

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

justice." 28 U.S.C. § 1404(a).  Under this section, the district court has discretion to adjudicate

motions for transfer "according to an 'individualized, case-by-case consideration of convenience

and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (quoting

*Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). "The Court must consider public factors

relating to 'the interest of justice' and private factors relating to 'the convenience of the parties

and witnesses.'" *Shultz v. Hyatt Vacation Mktg. Corp.*, 2011 U.S. Dist. LEXIS 24692, at *6

(N.D. Cal. Feb. 28, 2011) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834,

843 (9th Cir. 1986)).  *See generally*, *Schott v. Ivy Asset Mgmt. Corp.*, 2010 U.S. Dist. LEXIS

113674, at *9 (N.D. Cal. Oct. 19, 2010):

> Private factors generally concern the relative impact of the venue on the private
> parties participating in the litigation, their access to evidence, the availability of
> compulsory process, 'and all other practical problems that make trial of a case
> easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508
> (1947).  Public factors concern relative institutional advantages, burdens on the
> public, and the general interest in having disputes adjudicated where there is a
> genuine interest in the controversy.

*Id.* at *9.

Such factors may include: (1) the location there the relevant agreements were negotiated

and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice

of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the

plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the

two forums, (7) the availability of compulsory process to compel attendance of unwilling non-

party witnesses, (8) the ease of access to sources of proof, and (9) the forum state's relevant

public policy.  *See Jones*, 211 F.3d at 498-99.  "No single factor is dispositive and a district court

has broad discretion to adjudicate motions to transfer on a case-by-case basis." *Gatdula v. CRST*

*Int'l, Inc.*, 2011 U.S. Dist. LEXIS 13706, at *8 (E.D. Cal. Feb. 8, 2011) (citing *Ctr. For*

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO TRANSFER VENUE - 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Biological Diversity v. Kempthorne*, 2008 U.S. Dist. LEXIS 84978 (N.D. Cal. Oct. 10, 2008), in turn citing *Stewart*, 487 U.S. at 29; *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988)).

As the moving party, Defendant carries the burden of showing that the requested transfer of venue is warranted. *Commodities Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *see also Sequal Techs., Inc. v. Stern*, 2011 U.S. Dist. LEXIS 37007, at *8 (S.D. Cal. Apr. 4, 2011) ("The moving party bears the burden of establishing these factors weigh in favor of transfer.")  "The general rule is that the plaintiff's choice of forum is to be given substantial weight."  *Ansel Adams Publ'g Rights Trust v. PRS Media Partners, LLC*, 2010 U.S. Dist. LEXIS 126791, at *6 (N.D. Cal. Dec. 1, 2010).  "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  *Decker*, 805 F.2d at 843; *see also Shultz*, 2011 U.S. Dist. LEXIS 24692, at *8 ("Generally, the plaintiff's choice of forum is treated with great deference, and only significant inconvenience or unfairness will justify transfer."); *Sec. Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1995) ("[U]nless the balance of the factors is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed."); *accord Getz v. Boeing Co.*, 547 F. Supp. 2d 1080, 1086 (N.D. Cal. 2008) (even where "[p]laintiffs' choice of forum merits only minimal deference," the court denied transfer where defendant "fail[ed] to meet its burden of establishing that the balance of inconveniences weighs heavily in favor of  transfer to" another district"). "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp.*, 330 U.S. at 508.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE - 5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**2.     Balance of Inconveniences Weigh in Favor of Plaintiff's Choice of Venue**

Defendant intentionally fails to appraise this court in his very short brief, that Defendant

bears the burden of demonstrating that "the balance of the factors is strongly in favor of

Defendant's" and that in the absence of such a showing "plaintiff's choice of forum should rarely

be disturbed." *Sec. Investor Protection Corp.*, 764 F.2d at 1317.  Defendant's scant arguments

demonstrate that Defendants has failed to show that the balance of factors weight in favor of

transfer.  To the contrary, the balance of factor actually weight in favor of keeping this litigation

in Plaintiff's chosen forum.  It is simply not enough for Defendant to throw out some thin

argument that because they have their offices in the Eastern District (especially since the

Southern District is also within their own jurisdiction – the entire State of California) and that 4

subsequently filed actions filed in the Eastern District that Plaintiff's choice to file in his home

forum district court should be displaced.

**a.     Plaintiffs' Choice of Forum**

As explained above, Plaintiff's choice of forum should normally only be displaced if a

defendant can meet its burden to establishing that the balance of inconveniences weighs heavily

in favor of  a transfer to another district.  In the instant action, it is also important to stress that

Plaintiff did not engage in forum shopping.  Plaintiff filed this action in the Southern District

precisely because this district is his home district and it is vastly more convenient for both the

parties and the witnesses to litigate Plaintiff's claims in the Southern District.  Further, Plaintiffs

legal counsel resides within the Southern District, and, unlike Defendant's legal counsel who are

salaried, Plaintiff's local counsel is compensated on a per hour basis and transfer to the Eastern

District will impose significant additional legal fees on Plaintiff.  "As plaintiff is a resident of

this forum, her decision to file suit here is accorded substantial weight…..") *Ctr. For Biological*

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO TRANSFER VENUE - 6

*Diversity v. Kempthorne*, 2008 U.S. Dist. LEXIS 84978 at *9 (N.D. Cal. Oct. 10, 2008).

Additionally, Defendant, as the Secretary of State for California, also has conclusive contact with this forum, contact which is no less significant than in the Eastern District.

Accordingly, Plaintiff's choice of the Southern District weighs heavily against Defendant's motion to transfer to the Eastern District unless Defendant meets its burden of establishing that the balance of inconveniences weighs heavily in favor of transfer to another district.

### b. Plaintiff Filed This Action Before Eastern District Cases Were Filed

Plaintiff filed this action in the Southern District on July 30, 2019, approximately 6 hours after Governor Newsom signed the "Presidential Tax Transparency and Accountability Act" into law (the "Act").  Accordingly, Plaintiff's constitutional challenge to the Act was the first to be filed.   All other actions filed in the Eastern District were filed after Plaintiff filed the instant action in this court.  The Eastern District cases were not filed until August 2nd and 6th.

The crux of Defendant's argument is that this action should be transferred because 4 other lawsuits were filed in the Eastern District after Plaintiff's action was filed in this court. Defendant cites no reason why the subsequently filed actions could not be transferred to this court for consolidation and adjudication, or why he chose to file this motion in the Southern District rather than the Eastern District. As this Court is well aware, the act of transferring a is an electronic process, such that it is just as easy for the Eastern District cases to be transferred to the Southern District as it is to transfer this case to the Eastern District. Furthermore, in three of the cases subsequently filed in the Eastern District after Plaintiff filed his action, the standing of the plaintiffs to maintain their actions is speculative, at best, because none of the plaintiffs in *Griffin v. Padilla*, 2:19-cv-1477 (filed on August 2, 2019); *Koenig v. Padilla*, 2:19-cv-1507 (filed

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE - 7

August 6, 2019); and *Melendez v. Newsom*, 2:19-cv-1506 (filed August 6, 2019) allege that they

are seeking access to any primary election ballot. Instead, their claims, at this stage, are both

speculative as to any deprivation of their rights to associate with a particular presidential

candidate and not sufficiently particularized and concrete to them sufficient to evoke Article III

standing in the federal courts. In fact, Defendant's legal counsel made essentially this argument

to the California Supreme Court in a brief filed in opposition to the California Republican

Party's "Emergency Petition for Writ of Mandate or Other Extraordinary or Immediate Relief"

against the challenged Act, seeking that court to rule on the validity of the challenged Act under

provisions of the state constitution. *See,* Attachment #1 at pp. 20-22. Defendant argued that

non-presidential candidates lack standing, at this stage, to challenge the Act because they have

not suffered an actual or imminent "injury in fact" and that claims by such plaintiffs "rest upon

contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id*. at

20-21 (citing *Texas v. United States* 523 U.S. 296, 300 (1998)). In the same brief, at footnote #3,

however, Defendant seems to signal their acknowledgment that the presidential candidates, De

La Fuente and Trump are the proper litigants to adjudicate the constitutionality of the challenged

Act. Accordingly, 3 subsequently filed actions by plaintiffs in the Eastern District who likely

lack standing to advance their claims at this stage provides little heft for Defendant's argument

for transfer.

And, with respect to the challenged filed by President Trump in the Eastern District, legal

counsel for Donald Trump, Thomas R. McCarthy explained to Plaintiff's legal counsel on

August 13th that he did not want to transfer his case into the Southern District because of a prior

litigation in which he was legal counsel where he felt that this court did not act fast enough on

his motion for a preliminary injunction in that prior action. *See*, Rossi Declaration at ¶¶ 4-5,

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO TRANSFER VENUE - 8

1   attached hereto.  A tactical decision by legal counsel for President Trump not to select the

2   Southern District or agree to transfer to the Southern District does not provide a basis for this

3   Court to displace Plaintiff's choice of forum in his home district, where he resides and where all

4   of his witnesses and local counsel also reside and work.

5

6                          c.        **Convenience of Witnesses**

7            "The relative convenience to the witnesses is often recognized as the most important

8   factor to be considered in ruling on a motion under § 1404(a)."  *Saleh v. Titan Corp.*, 361 F.

9   Supp. 2d 1152, 1160 (S.D. Cal. 2005).  To carry its burden, a party moving for transfer "must

10  identify potential witnesses by name and describe their testimony."  *Id*. at 1161-65.  Moreover,

11  "[i]n determining whether this factor weighs in favor of transfer, the court must consider not

12  simply how many witnesses each side has and the location of each, but, rather, the court must

13  consider the importance of the witnesses."  *Id*. at 1160-61; *see also Bohara v. Backus Hosp. Med.*

14  *Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005) ("[I]f the transfer is for the convenience

15  of witnesses, defendant must name the witnesses it wishes to call, the anticipated areas of their

16  testimony and its relevance, and the reasons why the present forum would present a hardship to

17  them.").  "As moving party…defendants are 'obligated to identify the key witnesses to be called

18  and to present a generalized statement of what their testimony would include.'"  *Ctr. For Food*

19  *Safety v. Vilsack*, 2011 U.S. Dist. LEXIS 31688, at *18 (N.D. Cal. Mar. 17, 2011; quoting

20  *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1093 (N.D. Cal. 2002).

21          All of the witnesses in this case reside an work in the Southern District of California.

22  None of the witnesses in this case either live or work in the Eastern District. Plaintiff intends to

23  testify in this action and is a resident of the Southern District.  *See*, De La Fuente Declaration at

24  ¶¶ 2, 13, attached hereto.  Plaintiff will testify as to all the details necessary to establish his

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO TRANSFER VENUE - 9

standing to maintain this action.  Plaintiff's accountant, who Plaintiff intends to call as a witness to explain the mountain of tax schedules, attachments and lists that are required to be released to Defendant under the challenged Act (and their irrelevance to advance any alleged state interest advanced by Defendant in support of the challenged Act),  also resides and works within the Southern District.  *See*, De La Fuente Declaration at ¶14.  If this case if transferred from the Southern District to the Eastern District, Plaintiff does not believe that he will be able to convince his accountant to testify in this case owing to the travel distance and time and the loss of one of more work days to testify in this case.  *See*, De La Fuente Declaration at ¶15.  Accordingly, Defendant's requested transfer to the Eastern District threatens to deprive Plaintiff of an important fact witness in this litigation.

Furthermore, Defendant fails to identify a single expected witness that they expect to call in this action who will be inconvenienced by litigation of this action in the Southern District.  Accordingly, one of the most important factors balance against transfer of this case from the Southern District to the Eastern District.

Furthermore Plaintiff's local counsel both reside and maintain their offices within the Southern District.  Additionally, air travel links to San Diego are far more direct and less expensive than flying into San Francisco and then renting a car and driving to Sacramento, California.  Accordingly, convenience to the witnesses and legal counsel weighs in favor of the court denying Defendant's instant motion.

### d.    The Parties Contacts with Forum

Plaintiff is a resident of San Diego and, therefore, resides within this judicial district.  Defendant is the Secretary of State for California.  Accordingly, Defendant has jurisdictional contact with this forum as great as it has with the Eastern District.  Transfer to the Eastern

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE - 10

District will result in a forum where only one party has any contact with the jurisdiction (i.e. Defendant only).  Thus, Defendant's requested transfer will act to deprive adjudication of Plaintiff's claims in a court where all parties have contact with the forum.  Accordingly, both parties' contact with the Southern District weighs in favor of rejecting Defendant's requested transfer to the Eastern District.

e.      Contacts Relating to Plaintiffs' Cause of Action

Plaintiff's forced compliance with the challenged Act as a condition precedent to securing access to the 2020 Republican presidential primary election ballot would occur in the Southern District.  If Plaintiff is forced to file his 5 most recent years' worth of federal income tax returns, along with schedules, attachments and lists, any such filing by Plaintiff will occur through the use of either Federal Express or the United States Postal Service, either of which will be utilized from San Diego.  Defendant provides no argument or evidence that Plaintiff would be required to travel to Sacramento in the Eastern District to personally file the documents with Defendant in his office.   Accordingly, Plaintiff's forced compliance with the Act would occur in this judicial district and not in the Eastern District.

Defendant's argument that because the challenged Act was passed by the California state legislature sitting is Sacramento somehow makes the Eastern District the proper forum to adjudicate Plaintiff's claims is offered without any precedential support.  The state legislature, while seated in Sacramento, acts for the entire State of California and its jurisdiction extends coterminous with the entire state.  Accordingly, an unconstitutional law enacted in Sacramento may be properly challenged in any district court within the State of California, including the Southern District.  Plaintiff would request that judicial notice be taken that California has, itself, challenged federal actions in California district courts and not in the district courts of the District

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE - 11

1
2
of Columbia, directly undermining Defendant's argument that the judicial district where the

offending statute or order was enacted has any priority in its adjudication.

3
4
### f.    Convenience of the Parties

5
6
As noted above, Plaintiff and his local counsel reside in San Diego within this judicial

district.  And while Defendant's legal counsel does work out of the Eastern District, the fact that

7
Defendant's legal counsel is the Attorney General of the State of California deprives them of any

8
weight in their favor on this prong as the California Attorney General must routinely litigate

9
10
cases throughout California and they cannot be heard to complain about having to litigate this

11
action within a judicial district within their own jurisdiction.  At bottom, Defendant's argument

12
on this prong is that their convenience as government salaried lawyers is more important than

13
Plaintiff's convenience and the convenience of his counsel.  Accordingly, Defendant can derive

14
no weight from this prong in favor of their requested transfer of venue to the Eastern District.

15
### g.    Interest of Justice

16
17
The interest of justice prong, as applied to this case, does not require the requested

18
transfer to the Eastern District.  First, as noted above, Plaintiff filed this action first and the cases

19
subsequently filed in the Eastern District are free to consolidate with this action in the Southern

20
District.  Defendant could have, and still can, make all the same arguments to the Eastern District

21
22
for transfer of those cases to the Southern District, it is just that Defendant has chosen to try to

23
force transfer of this action to the Eastern District.  The internal decision made by Defendant,

24
without more, can carry no weight.  Again, Defendant cites no authority that Defendant's

25
preferred choice of forum is to be given any weight by a district court under 28 U.S.C. § 1404(a).

26
At bottom, Defendant's legal counsel, for no other reason than it is more convenient to

27
28
Defendant's own legal counsel is seeking transfer this action to the Eastern District rather than

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO TRANSFER VENUE - 12

seek to transfer and consolidate subsequently filed actions with the action first filed in the Southern District.

Plaintiff does not oppose consolidation of the pending related cases in this judicial district. Another component in consideration of the "interest of justice" prong clearly weighs in favor of Plaintiff. This action is time sensitive. The challenged Act requires presidential candidates to comply on or before November 26, 2019. It is also clear that any party who does not prevail in the district court will seek immediate emergency review in the Ninth Circuit and, likely, thereafter in the Supreme Court of the United States. Accordingly, quick and efficient adjudication of the instant motions for preliminary injunction serves the interest of justice. Because this action was filed first, this Court has set a briefing and hearing schedule which will permit adjudication of the pending motions for preliminary injunction before the Eastern District, which will allowing for more time for appellate review before the November 26, 2019 deadline for 2020 presidential ballot compliance. Plaintiff filed his motion for a preliminary injunction on August 5, 2019. This Court has ordered that any brief in opposition be filed on August 26, 2019 and any reply on September 2, 2019. A hearing on Plaintiff's motion has been set for September 17, 2019. The Eastern District, in contrast, has ordered that any motion for a preliminary injunction be filed on or before August 20, 2019, any brief in opposition be filed on September 5, 2019 and any reply briefs no later than September 12, 2019. The Eastern District has set a hearing for September 19, 2019, a full 2 days later than the hearing ordered by this court. Under normal circumstances, a 2 day delay in a hearing is of little import. However, 2 additional days in this action may prove meaningful with respect to completion of any appellate review before the November 26, 2019, deadline for compliance imposed under the challenged Act.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE - 13

In addition, as explained above, it is not likely that Plaintiff will be able to secure the testimony of his accountant in the Eastern District as a result of the additional time and costs associated with Plaintiff's accountant having to close down his office to travel to Sacramento, California, a minimum of a 2 day roundtrip excursion, rather than being able to testify in his home city of San Diego. *See,* De La Fuente Declaration at ¶¶ 14-15.

Accordingly, the interest of justice prong does not weigh in favor of Defendant's instant motion. In tandem, a close examination of all the prongs weigh heavily in favor of Plaintiff's choice of venue in the Southern District and Defendant's instant motion should be denied.

## CONCLUSION

Defendant's brief in support of the instant pending motion to transfer venue of this case to the Eastern District lacks any significant analysis of the many various prongs of the test that this Court must consider in making its decision on whether to transfer venue of this action from Plaintiff's chosen venue, in his home judicial district, and where this action was filed before any of the related cases now pending in the Eastern District. The bare fact that there are other related actions pending in a different judicial district simply fails to meet Defendant's heavy burden to show that the balance of the inconveniences weight heavily in favor of the requested transfer. A close examination of all of the relevant prongs of the test for transfer in conjunction with the first-to-file rule and the obvious ability of the subsequently filed related actions to consolidate in this judicial district, clearly demonstrate that Defendant has failed his meet his burden to show that the requested transfer should be granted. In fact, a proper analysis shows that the balance of inconveniences weigh in favor of Plaintiff's chosen forum.

More to the point, Defendant's venue preference is no basis to support transfer, especially where this judicial district is within the same jurisdiction for which Defendant's legal counsel is

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE - 14

responsible to serve as lawyers for the Attorney General of California.  Defendant has simply

filed this motion in the wrong court.  Any motion to transfer should have been filed by

Defendant in the Eastern District of California, so that, in support of any alleged interest of

justice, the subsequently filed related cases (even the three Eastern District cases where the

plaintiffs likely lack standing to maintain their actions) can be consolidated with this action for

prompt adjudication.  Accordingly, Defendant's instant motion should be denied.

Respectfully submitted,

Dated: August 15, 2019          __s/ Paul A. Rossi_____

**s/ Paul A. Rossi**
Paul A. Rossi (PA Bar I.D. #84947)
Admission *Pro Hac Vice*
Law Office of Paul A. Rossi
316 Hill Street
Mountville, PA  17554
Phone:  717.681.8344
Paul-Rossi@comcast.net

## CERTIFICATE OF SERVICE

Plaintiff, by and through his undersigned legal counsel, hereby certifies that a true and

correct copy of the foregoing document has been served on this date on opposing counsel via the

Court's CM/ECF system.

Dated: August 15, 2019          **s/ Paul A. Rossi**
Paul A. Rossi

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO TRANSFER VENUE - 15