XAVIER BECERRA
Attorney General of California
PAUL STEIN
Supervising Deputy Attorney General
JAY C. RUSSELL, State Bar No. 122626
CHAD A. STEGEMAN, State Bar No. 225745
Deputy Attorney General
  455 Golden Gate Ave., Ste. 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3624
  Fax:  (415) 703-5843
  E-mail:  Chad.Stegeman@doj.ca.gov
*Attorneys for Defendant Alex Padilla, in his official capacity as the Secretary of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROQUE ROCKY DE LA FUENTE,**<br><br>                      Plaintiff,<br><br>v.<br><br>**ALEX PADILLA,**<br><br>                      Defendant. | 3:19-cv-1433-WQH-AHG<br><br>**REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE [28 U.S.C. § 1404(a)]**<br><br>Date:  September 10, 2019<br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Judge:  Hon. William Q. Hayes<br>Trial Date:  Not Set<br>Action Filed:     7/30/2019 |

1

## I. INTRODUCTION

The Court should transfer this case to the Eastern District of California, where four other suits with similar claims brought by similar plaintiffs—including a Republican Presidential Candidate and the current President of the United States, the National Republican Committee, the California Republican Party, voters, and would-be delegates to the Republican National Convention—will be considered by a single judge. It inures to the benefit of all of the litigants to have these matters resolved before one court to avoid inconsistencies, ambiguity, and to ensure a clear and cogent path on appeal. Plaintiffs in the Eastern District cases have moved for preliminary injunctions. Those motions will be considered and heard collectively on September 19, 2019, and the motion for preliminary injunction in this case should be included in that proceeding.

Plaintiff's suit here should be considered along with the others, before the same court, to avoid inconsistencies that might arise from different courts considering the same set of operative facts. In the interests of justice, judicial economy, and for the convenience of the parties, the Court should transfer *De La Fuente* to the Eastern District of California.

## ARGUMENT

### I. THE DISCRETIONARY FIRST-TO-FILE DOCTRINE IS NOT APPLICABLE HERE, AND AN ALTERNATIVE FORUM EXISTS THAT WILL SERVE ALL THE PARTIES' INTERESTS.

Relying primarily on *Pacesetter Systems Inc. v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir. 1982), Plaintiff De La Fuente asserts that Defendant Secretary of State Alex Padilla's motion should be denied because Plaintiff won the race to the courthouse (by a mere two days) and was the "first to file". (Opp'n 2-3, ECF No. 17.) But the first-to-file doctrine simply does not apply here. As *Pacesetter* explained, the "first-to-file" rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a

complaint involving the *same parties* and issues has already been filed in another district." *Pacesetter Systems, Inc.*, 678 F.2d at 94–95 (italics added). Plaintiff is not a party in any of the Eastern District cases, and none of the plaintiffs in the Eastern District are parties here.[1]

Even if the Court finds the "first-to-file" rule relevant, it should decline to apply it here. "The most basic aspect of the first-to-file rule is that it is discretionary; 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'" *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183–84 (1952)); *see also id.* at 628 ("[D]istrict court judges can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity.... The decision and the discretion belong to the district court."); *Pacesetter Systems*, *Inc.,* 678 F.2d at 95. Thus, the trial court's discretion tempers the preference for the first-filed suit, when such preference should yield to the forum in which all interests are best served. *See Kerotest*, 342 U.S. at 184. The forum in which all interests are best served is the Eastern District of California, where the current President and potential 2020 Republican nominee, the Republican National Committee, the California Republican Party, numerous voters, and others are pursuing similar claims on a parallel track.

If the Court considers the first-filed rule in connection with the transfer analysis here, the Court should exercise its discretion to dispense with the rule in the interests of justice, because the district court decisions on the merits of these constitutional claims of national importance should be consistent and without conflict as they inevitably wind their way through the appellate courts. Moreover,

---

[1] Plaintiff De La Fuente appears to conflate the first-to-file rule with the choice of forum factor, which is relevant to a court's weighing of a motion to transfer. As explained below, though, that factor is entitled to minimal consideration here.

transfer is appropriate without regard to the filing of this suit just two days before the first suit was filed in Sacramento, considering the balance of convenience weighs in favor of the greater number of parties litigating in Sacramento; the lack of any prejudice to a national figure like Plaintiff De La Fuente and his "national litigation counsel" (Rossi Decl. ¶ 1) who can just as easily travel to Sacramento rather than San Diego; and the interests of sound judicial administration and economy. *See, e.g., Z–Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (noting that court may refuse to apply first-to-file rule if balance of convenience weighs in favor of later-filed action); *Capitol Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350, 1354 (S.D.N.Y. 1992) (even absent forum shopping by plaintiff, wise judicial administration favored Delaware rather than New York ; the Delaware court had previously tried cases involving the same patent); *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994) ("first-to-file" rule may be relaxed if "the balance of convenience weighs in favor of the later-filed action.").

Moreover, Plaintiff's claim that he and his accountant will testify in support of the motion for preliminary injunction disregards local rules, which do not provide for witness testimony in motion hearings. *See* S.D. Cal. Local Rule of Court 7.1(d)(1) ("Motions must be determined upon the moving papers referred to herein and oral argument.") and Rule 7.1(f)(2)(a) ("In addition to the affidavits required or permitted by Fed. R. Civ. Pro. 6(d) and 56, copies of all documentary evidence which the movant intends to submit in support of the motion … must be served and filed with the motion."). Conversely, Eastern District rules expressly provide for witness testimony at motions for preliminary injunctions, if the Court is advised in advance of such a request within the brief. (E.D. Cal. Local Rule of Court 231(d)(3).) If Plaintiff would like to testify and call witnesses in support of his motion, transfer will actually advance his stated interests.

## II. THE INTERESTS OF JUSTICE AND JUDICIAL ADMINISTRATION SUPPORT TRANSFER.

Tellingly, Plaintiff's opposition gives short shrift to the interest of justice. "[T]he interest of justice, which includes judicial economy, may be determinative [of] a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lily & Co.*, 119 F.3d 1159, 1565 (9th Cir. 1997) (internal quotation and citation omitted); *see also Alere Med., Inc. v. Health Hero Network, Inc.*, 2007 WL 4351019 at *1–2 (N.D. Cal. Dec. 12, 2007) (finding interest of justice favored transfer, balancing whether actions should be tried "separately or in a coordinated fashion.") And "[t]here is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *Wyndham Associates v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968). Here, because a transfer of venue would "reduce the time, energy, and money it will take to litigate the instant action, to the benefit of both the court and the parties," Defendant's motion should be granted. *Synopsys, Inc. v. Mentor Graphics Corp.,* No. C 12-5025-MMC, 2013 WL 1365946, at *7–8 (N.D. Cal., Apr. 3, 2013).

The Honorable Morrison C. England, Jr. is presiding over all four cases in the Eastern District, and plaintiffs in three of those matters have filed motions for preliminary injunction, which will be considered and heard together on September 19, 2019. Plaintiff here has also filed a motion for preliminary injunction, which is set for hearing on September 17. (ECF Nos. 6, 9.) Given these hearing dates' proximity, Plaintiff will not be prejudiced in the relief sought in this case by a transfer. To conserve judicial resources and to avoid inconsistent decisions, to streamline judicial administration of these cases, and in the interests of justice, the

same court should hear and make decisions concerning the constitutionality of the Act.

### III. PLAINTIFF'S CHOICE OF FORUM IS ENTITLED TO MINIMAL CONSIDERATION.

The deference afforded to Plaintiff's choice of forum is "far from absolute." *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 665 (9th Cir. 2009). The weight to be given to a plaintiff's choice of forum depends on the extent of a defendant's contacts with the chosen forum and plaintiff's contacts, including those relating to his cause of action. *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1986). "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration." *Id*.

Here, Plaintiff's choice of forum is entitled to little weight. Plaintiff's asserted causes of action are not based on occurrences in this district. Plaintiff intends to run as a presidential candidate in the California statewide primary election. He challenges the validity of the Act, which places certain requirements on all California primary election candidates for the office of the president. Nothing about the Act or Plaintiff's challenge to it relates to any specific conduct in this district. Indeed, it is unlikely that any factual occurrence in this district is relevant to the resolution of Plaintiff's claims, which are likely to be resolved on purely legal grounds. And this district also has no greater interest in the subject matter than the Eastern District because the Act applies statewide.

Nor do Plaintiff's purported "contacts" with the Southern District mitigate against a transfer to the Eastern District. *See, e.g., Pierce-Nunes v. Toshiba Amer. Info. Sys., Inc.,* (N.D. Cal., Sept. 15, 2014, No. 14-cv-00796 JST) 2014 WL 4674666, at *4. Plaintiff argues that he resides in San Diego and has had no contact with the Eastern District. (ECF 17 at 10-11.) But that assertion rings hollow, considering Plaintiff has a track record as a *statewide* candidate in California, both

in the 2016 Democratic Presidential primary election, and the 2018 senate election. (Cal. Sec'y of State, *Certified List of Candidates*, https://elections.cdn.sos.ca.gov//statewide-elections/2016-primary/june-2016-presidential-abbrev.pdf; Cal. Sec'y of State, *Certified List of Candidates for the June 5, 2018 Statewide Direct Primary Election*, https://elections.cdn.sos.ca.gov//statewide-elections/2018-primary/cert-list-candidates.pdf.)

Plaintiff also has purposefully availed himself of the Eastern District because he previously sued Defendant Padilla in the Eastern District in a case relating to ballot access and his ability to appear on a statewide ballot as a presidential candidate. *See De La Fuente v. Padilla*, Case No. 2:16-v-2877-JAM-GGH (E.D. Cal.); *see De La Fuente v. Padilla*, 9830 F.3d 1101 (9th Cir. 2019). Given Plaintiff's past political campaigns and lawsuit against defendant Secretary of State in the Eastern District, Plaintiff has established contact with the Eastern District sufficient enough to expect to be involved in additional transactions there, including litigation concerning alleged ballot access.

Among the considerations to be reviewed when evaluating a transfer motion are "the contacts relating to the plaintiff's cause of action in the chosen forum." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000.) Because he would be required to comply with SB 27 by depositing document in the mail from San Diego, Plaintiff argues that these "contacts" vitiate against transferring venue. (ECF No. 17 at 11.) But the "contact with the chosen forum" consideration should be more closely examined by considering whether "the operative facts [in the complaint]" have occurred within the originally selected forum. *Pacific Car & Foundry Co. v. Pence,* 403 F.2d 949, 954 (9th Cir. 1968). If "the forum of original selection … has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." *Id*.

Here, there is no "particular interest" in this action in the Southern District, and certainly no more than that in the Eastern District, where the remaining cases are all venued. Without such "particular interest," Plaintiff's selection of the Southern District as a venue is entitled to "minimal consideration."

### IV. THE ALLEGED CONVENIENCE OF THE PARTIES DOES NOT MILITATE IN FAVOR OF VENUE IN THIS COURT.

In addition, Plaintiff argues that the "convenience of witnesses" mitigates in favor of the case remaining in this Court, because both he and his accountant intend to appear as witnesses. (Opp'n 9-10.) Again, though, Plaintiff wrongly assumes he will be allowed to testify and call witnesses in support of his motion for preliminary injunction. This Court's rules do not allow for that. (*See* S.D. Cal. Local Rules of Court 7.1(d)(1) and 7.1(f)(2)(a).) In contrast, the Eastern District rules expressly provide for witness testimony at motions for preliminary injunctions, if the Court is advised in advance of such a request within the brief. (E.D. Cal. Local Rule of Court 231(d)(3).) Accordingly, the only prejudice that Plaintiff and his potential witness would incur—the alleged inconvenience or inability to testify—would only arise if this matter is not transferred to the Eastern District of California.

Plaintiff argues that litigating this case in the Eastern District would require him to incur more legal fees because his "local counsel" is located in San Diego. (Opp'n 6.) But any additional fees he might incur would be "a function of Plaintiff's having selected a [San Diego] lawyer." *Devaux-Spitzley v. Prudential Ins. Co. of Am.*, 18-CV-04436-JST, 2019 WL 935137, at *4 (N.D. Cal. Feb. 26, 2019). Plaintiff has not suggested that he is unable to find a lawyer in the Eastern District, so "to weigh this factor against transfer would put the cart before the horse, and incentivize future plaintiffs to hire in-district lawyers as a way to fend off meritorious motions to transfer." *Id*. Furthermore, Plaintiff's "local counsel" and his national counsel (based in Pennsylvania) are no strangers to the Eastern District, as both of them previously represented Plaintiff in a lawsuit against the Secretary of

State there. *See De La Fuente v. Padilla*, Case No. 2:16-v-2877-JAM-GGH (E.D. Cal.).

Plaintiff's arguments about convenience based on the location of his "local counsel" are without merit.

## CONCLUSION

For the reasons set forth above and in Defendant's motion, the Court should order this case transferred to the Eastern District under 28 U.S.C. § 1404(a), where it can be related to the other similar pending cases.

Dated: August 16, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
PAUL STEIN
Supervising Deputy Attorney General

*/ s / Chad A. Stegeman*
CHAD A. STEGEMAN
Deputy Attorney General
*Attorneys for Defendant Alex Padilla, in his official capacity as the Secretary of the State of California*

SA2019102656;
21579026.docx