UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROQUE ROCKY DE LA FUENTE,<br><br>                                Plaintiff,<br><br>v.<br><br>ALEX PADILLA, in his official capacity as the Secretary of State of the State of California,<br><br>                                Defendant. | Case No.:  19cv1433-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Change Venue filed by Defendant Alex Padilla.  (ECF No. 14).

**I.     BACKGROUND**

On July 30, 2019, Plaintiff Roque Rocky De La Fuente initiated this action by filing a complaint against Defendant Alex Padilla.  (ECF No. 1).  Plaintiff alleges that he is a declared candidate for the 2020 presidential nomination of the National Republican Party. Plaintiff alleges that the Presidential Tax Transparency and Accountability Act requires candidates seeking the Office of Governor of California and candidates seeking nomination by the Republican and Democratic parties for the Office of President of the United States to produce five years of federal tax returns to Defendant for publication.  Plaintiff alleges

that the Presidential Tax Transparency and Accountability Act violates 26 U.S.C. § 6103 and the Supremacy Clause, the Qualifications Clause, and the First and Fourteenth Amendments of the U.S. Constitution.

On August 5, 2019, Plaintiff filed an emergency motion for a preliminary injunction, requesting that the Court enjoin Defendant from enforcing the Presidential Tax Transparency and Accountability Act. (ECF No. 6).

On August 8, 2019, the Court ordered that any opposition to Plaintiff's motion for preliminary injunction be filed by August 26, 2019; that any reply be filed by September 2, 2019; and that oral argument be heard on September 17, 2019. (ECF No. 9).

On August 8, 2019, Defendant filed a notice stating that this case is closely related to *Griffin v. Padilla*, E.D. Cal. Case No. 2:19-cv-1477; *Trump v. Padilla*, E.D. Cal. Case No. 2:19-cv-1501; *Koenig v. Newsom*, E.D. Cal. Case No. 2:19-cv-1507; and *Melendez v. Newsom*, E.D. Cal. Case No. 2:19-cv-1506. (ECF No. 10). Defendant "request[ed] that this Court transfer this action to the Eastern District of California on its own motion under 28 U.S.C. § 1404." *Id.* at 2.

On August 13, 2019, the Court issued an order declining to transfer venue sua sponte and stating that any party seeking transfer must file a motion. (ECF No. 12).

On August 13, 2019, Defendant filed the Motion to Change Venue. (ECF No. 14). Defendant requests that the Court transfer this case to the United States District Court for the Eastern District of California, where three other lawsuits have been filed based on claims that the Presidential Tax Transparency and Accountability Act is unconstitutional. Defendant contends that the factors for venue transfer are satisfied in this case because four other cases pending in the Eastern District of California are based on the same relevant facts that are alleged in this action, and transfer would avoid inconsistent rulings and promote efficiency.

On August 14, 2019, the Court granted an ex parte motion to expedite hearing on the Motion to Change Venue filed by Defendant, ordering Plaintiff to respond to the

Motion on or before August 15, 2019 and ordering any reply to be filed on or before August 16, 2019. (ECF No. 16).

On August 15, 2019, Plaintiff filed a response in opposition to the Motion to Change Venue. (ECF No. 17). Plaintiff contends that Defendant fails to demonstrate that the factors for venue transfer are satisfied in this case because the four cases pending in the Eastern District of California were filed after Plaintiff filed this action, and Defendant's showing of inconvenience is not strong enough to upset Plaintiff's choice of forum.

On August 16, 2019, Defendant filed a reply in support of the Motion to Change Venue. (ECF No. 18).

## II.    DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have originally been brought." 28 U.S.C. § 1404(a). A district court has discretion to transfer a case under § 1404(a) to a district where the plaintiff "could have originally filed suit" in compliance with 28 U.S.C. § 1391. *In re Bozic*, 888 F.3d 1048, 1053 (9th Cir. 2018). The district court "weigh[s] the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087 n.3 (9th Cir. 2018) (quoting *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013)). *Atlantic Marine* provides,

> Factors relating to the parties' private interests include relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. . . . Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law. The Court must also give some weight to the plaintiffs' choice of forum.

*Atl. Marine*, 571 U.S. at 62 n.6; *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (listing as factors "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof").

In this case, Defendant's headquarters are located in the Eastern District of California. *See* 28 U.S.C. § 1391(b)(1) (stating that venue is proper in "a judicial district in which any defendant resides"). The legislation was drafted by the California legislature, and signed by the California governor, in Sacramento. *See* 28 U.S.C. § 1391(b)(2) (stating that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"). The Court concludes that Plaintiff could have brought this action in the Eastern District, qualifying it for transfer under 28 U.S.C. § 1404(a). *See In re Bozic*, 888 F.3d at 1053.

The record reflects that four other cases with similar claims have been filed and related in the United States District Court for the Eastern District of California: *Griffin v. Padilla* (claims under the Presidential Qualifications Clause, First Amendment (right of association), Equal Protection Clause); *Trump v. Padilla* (Qualifications Clause, Elections Clause, First Amendment (unconstitutional ballot access), First Amendment (retaliation), and preemption); *Koenig v. Newsom* (Qualifications Clause, First Amendment (right of association), Elections Clause); and *Melendez v. Newsom* (Qualifications Clause, First Amendment (right of association), Equal Protection Clause, Privileges and Immunities Clause, and First and Fourteenth Amendment (free speech and right to vote)). Plaintiff brings similar claims alleging violations of the Presidential Qualifications Clause, preemption under the Supremacy Clause, First Amendment (right of association), First and Fourteenth Amendment (rights against unconstitutional ballot access requirements), and

the First Amendment (prohibition against compelled speech). Transfer to the United States District Court for the Eastern District of California would allow this case to be related to the other four pending similar cases.

The Secretary of State is located in Sacramento, within the Eastern District. Transfer would permit the various parties associated with the same subject matter at issue in this case and the other four cases to litigate in one forum rather than intervening in this action and traveling to two courts. The record reflects that Plaintiff is seeking to run in a national primary, and that Plaintiff has filed previously lawsuits challenging election laws in Pennsylvania and Alabama. *See De La Fuente v. Cortes*, 751 F. App'x 269, 270 (3d Cir. 2018) (affirming dismissal of Plaintiff's claims of unconstitutionality regarding Pennsylvania's sore loser law, disaffiliation provisions, and registration requirement for petition circulators); *De La Fuente v. Merrill*, 214 F. Supp. 3d 1241, 1244 (M.D. Ala. 2016) (denying Plaintiff's motion to enjoin enforcement of Alabama's sore loser election statute pending resolution of his claims of the statute's unconstitutionality). Plaintiff is a national figure, with national litigation counsel in Pennsylvania, who is accustomed to litigation throughout the country and will not be significantly inconvenienced by litigating this case in his home state's capital city. The issues in this case are legal in nature and will likely be resolved based on the briefs and oral argument. Plaintiff's assertions regarding the hardships of testifying for himself or his accountant do not weigh heavily in this case.

The Court concludes that, in this case, the most important considerations are the interests of justice, judicial administration, and judicial economy. The record reflects that the Honorable Morrison C. England, Jr. is presiding over the four similar cases, and the plaintiffs in three of those matters have filed motions for preliminary injunction that will be considered and heard together on September 19, 2019. Plaintiff has filed a motion for preliminary injunction in this case, set for hearing on September 17, 2019. (ECF Nos. 6, 9). Plaintiff will not be prejudiced by the transfer based on a hearing date set two days after the hearing date noticed in this case. The interests of justice, judicial administration, and judicial economy weigh in favor of the same court considering the constitutionality of

the Presidential Tax Transparency and Accountability Act. The Court grants Defendant's Motion.

### III.    CONCLUSION

IT IS HEREBY ORDERED that the Motion to Change Venue filed by Defendant (ECF No. 14) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to transfer this action to the United States District Court for the Eastern District of California, and to send a copy of this Order to that court.

IT IS FURTHER ORDERED that the remaining Motion for Preliminary Injunction filed by Plaintiff (ECF No. 6) is DENIED as moot.

Dated: August 20, 2019

Hon. William Q. Hayes
United States District Court